UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SEAN T. MALONEY, | Case No.: 3:13-CV-00821-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |
| Defendant. | |

Judge ACOSTA, Magistrate Judge:

Before the court is Sean T. Maloney's ("Maloney") Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(B), which permits a court to award attorney fees to the attorney of a successful Social Security claimant, so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Although Maloney is the claimant in this case, the real party in interest to this motion is his attorney Jeffrey H. Baird ("Baird") of Dellert Baird Law Offices, PLLC ("Dellert Baird"). The Commissioner of Social Security ("Commissioner") does

OPINION AND ORDER - 1                                                                 [RMD]

not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Having reviewed the proceedings and the amount of fees sought, the court concludes the plaintiff's fee request is reasonable, and the court grants Maloney's motion in full.

*Procedural Background*

Maloney filed applications for supplemental security income and disability insurance benefits on September 28, 2009, alleging disability beginning January 3, 2007. *Maloney v. Astrue,* Case No. 6:13-cv-00821-AC, 2014 WL 3871214, at *1 (D. Or. Aug. 5, 2014). Both applications were denied initially and upon reconsideration. *Id*. Maloney's request for an administrative hearing was granted, and on July 7, 2011, Administrative Law Judge Laura Valente ("the ALJ") held a hearing to determine Maloney's disability. *Id*. Subsequently, the ALJ issued her opinion finding Maloney not disabled. *Id*. The Appeals Council received additional evidence from Maloney, but nonetheless denied review, making the ALJ's opinion the Commissioner's final decision. *Id*. Maloney filed a complaint for review of the Commissioner's decision in this court on May 15, 2013. (Dkt. No. 1.)

> In his complaint, Maloney alleged that the ALJ erred in the following ways:
>
> 1) failing to evaluate the severity and functional impact of all of Maloney's impairments before factoring out the limitations arising from his substance abuse; 2) ignoring the impact of Maloney's impairments on his functioning in determining his credibility; and 3) improperly assessing witness' credibility in light of later-submitted evidence.

*Id*. at *6. The Commissioner opposed Maloney's complaint and argued the ALJ's decision was free of error. *Id*. The Commissioner further argued that any error the ALJ may have committed was harmless. *Id*. On August 5, 2014, this court issued an Opinion and Order reversing the ALJ's

decision and remanding Maloney's case for further administrative proceedings. *Id*. at *12.

*Discussion*

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the clamant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

In his § 406(b) fee petition, Baird seeks a total award of $7,990.39, but a portion of that amount will be offset by $3,990.39, which the court awarded Baird under the EAJA. Therefore, at issue on this motion is $4,000.00.

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Maloney and Dellert Baird executed a contingent-fee agreement (the "Fee Agreement"), providing that, upon a successful recovery, Maloney would pay Baird an amount not to exceed 25% of Maloney's past-due

benefit award. In the motion for attorney fees Baird requests the court award $7,990.39. Baird contends in the fee petition that the requested fee "is less than the amount contemplated in the agreement and the statutory maximum of 25% of past-due benefits." (Mot. for Attorney Fees at 4.)

The record does not contain a clear statement of past-due benefits to which Maloney is entitled. Maloney's Notice of Award provides that the Commissioner withheld $17,124.25 from his benefits, but that the Commissioner needed more information from Maloney to conclusively determine the amount of his past-due benefits. (Mot. for Attorney Fees Ex. 2 at 3.) However, when a claimant is entitled to past-due benefits, the Commissioner will withhold "up to 25 percent" of those benefits. Social Security Handbook, § 2019.1, *available at* https://www.ssa.gov/OP_Home%2Fhandbook/ handbook.20/handbook-2019.html. From that information, the court can infer that the $17,124.25 withheld by the Commissioner represents, at a maximum, twenty-five percent of Maloney's past-due benefits. The court can further conclude that $7,990.39 fee request is well below the twenty-five percent fee award contemplated in the fee agreement. Therefore, the court concludes that Dellert Baird's request is permissible under the Fee Agreement.

II. Reasonableness

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht,* 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht,* 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified

by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the representative achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). In *Crawford*, the Ninth Circuit found appropriate to consider "the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford,* 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested section 406(b) fee based solely on the character of Dellert Baird's representation.

### B. Results Achieved

The court ordered Maloney's case remanded for additional administrative proceedings. Thus, although Baird was not successful in arguing for an immediate award of benefits, he achieved positive results on Maloney's behalf. Therefore, no reduction under this category is warranted.

### C. Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford,* 586 F.3d at 1151. Baird filed Maloney's Complaint on May 15, 2013. (Dkt. No. 1.) On November 24, 2013, Baird filed a motion for extension of time to file Maloney's opening brief, the only extension filed during the pendency of Maloney's claim. (Dkt.

No. 12.) The extension effectively delayed Maloney's case for only fourteen days and did not materially increase Maloney's past-due benefits. (Dkt. No. 13.) Because Baird sought only one short extension and the effect of the extension on Baird's recovery is *de minimis*, no reduction of Baird's fee award is warranted because of undue delay.

   *D. Proportionality*

   Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

   Baird requests $7,990.39 for a total of 21.2 hours of work associated with litigating this case before the district court. This equates to an hourly rate of $376.90. In comparison to *Crawford*, and other cases in this district in which fees were awarded under section 406(b), this rate is well within the reasonable range. *See Crawford*, 586 F.3d at 1151 (reversing the district court in three consolidated California cases and granting claimants' requests for fees that resulted in hourly rates of $875 (amounting to seventeen percent of past-due benefits), $519.19 (amounting to fifteen percent of past-due benefits), and $813.56 (amounting to fourteen percent of past-due benefits)); *see Albert v. Astrue*, Civil No. 05-890-AC, 2011 WL 2116987, at *4 (D. Or. Apr. 28, 2011), *adopted by Albert v. Astrue*, 2011 Wl 2115552, at *1 (granting claimant's request for twenty percent of past-due benefits which amounted to 33.55 hours at rate of $536.51); *see Dunnigan,* 2009 WL 6067058, at *7 (awarding reduced fee award at the hourly rate of $291.10, amounting to twelve and a half percent of past-due benefits). Thus, on its face, the hourly rate of $376.90 is well within the bounds of reasonableness, and the court concludes an award of $7,990.39 would be proportional to the work

Baird performed and the result he achieved for his client.

*E. Risk*

Baird does not articulate any risks inherent in taking Maloney's case. However, because Baird's fee request is proportional to the results achieved and work performed, and is well below the twenty-five percent threshold agreed upon in the fee agreement, the court concludes that the fee award should not be reduced for lack of risk. Therefore, the court will award Baird the full request of $7,990.39.

*Conclusion*

For the aforementioned reasons, Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 22) is GRANTED. The court awards Baird a § 406(b) fee $7,990.39. After applying the $3,990.39 EAJA offset, the Commissioner shall award Baird a total of $4,000.00 and release to Maloney the remainder of his past-due benefits.

IT IS SO ORDERED

Dated this 3rd day of March, 2016.

                                            /s/ John V. Acosta
                                              JOHN V. ACOSTA
                                       United States Magistrate Judge